UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
HILLARY S. GRANT,

                       Plaintiff,                   05 Civ.10474  (PKC)

       -against-                             MEMORANDUM
                                               AND
NEW YORK CITY BOARD OF EDUCATION,    ORDER

                       Defendant.
-----------------------------------------------------------------x

P. KEVIN CASTEL, U.S.D.J.

        Plaintiff Hillary Grant, proceeding pro se, brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. ("Title VII").  Plaintiff was employed by defendant, the New York City Department of Education, as a part-time guidance counselor.  Grant alleges that the Principal at the school to which plaintiff was assigned, Ms. Lillian Druck, discriminated against her on the basis of race and national origin and retaliated against her for engaging in protected activity.  Defendant has moved to dismiss the Complaint, contending that plaintiff has failed to timely file a charge with the Equal Employment Opportunity Commission ("EEOC") in compliance with 42 U.S.C. § 2000e-5(e)(1) and that plaintiff's claim in this court is therefore barred.

I.      BACKGROUND

        Plaintiff, an African American female, was employed as a part-time guidance counselor by the New York City Department of Education ("DOE") beginning in October of 1987. (Compl. Exh. 7, "Hillary Grant's Statement").  Beginning on September 3, 2002, and lasting through February 24, 2003, when she was formally transferred, plaintiff was assigned to P.S. 199 as a guidance counselor. (Compl. Exh. 10, DOE position stmt. in Charge No. 160-2005-

00854 at 2)  Plaintiff alleges that throughout her tenure at the school, she was subjected to repeated racially negative comments and verbal reprimands from Principal Druck.  Plaintiff also alleges that Druck twice threatened Grant with removal from the school, once stating "I do not want you working here because you are not white." (Compl. Exh. 6, "Grant Aff." at 9-10, 13)

In her Affirmation submitted annexed to the Complaint, plaintiff details an incident in December 2002 when Druck assigned her a case for counseling involving bullying of one student by another.  Although Grant was not informed of it at the time, the bullied student had also made sexual abuse allegations against another teacher at P.S. 199 and there was a criminal investigation ongoing. (Grant Aff. at ¶ 14)  Grant appears to have begun to conduct her own investigation regarding the alleged abuse, leading to a complaint to the Queens District Attorney against her by a parent of a student.  The complaint was referred to the Special Commissioner of Investigation ("SCI") for the school district, which operates independently from defendant, and charges were eventually brought against Grant by the SCI's Legal Services Branch.  These charges were the subject of an arbitration in which Grant was found "guilty" on one charge, fined and permitted to return to work. (Compl. Exh. DOE letter at 3-4)  Reading plaintiff's complaint, and the documents submitted annexed to the complaint liberally, it appears that plaintiff views the SCI proceeding and subsequent arbitration as related to defendant's bias against plaintiff based on her race.  However, plaintiff does not allege in her complaint that any violation of Title VII is attributable to the SCI proceeding or the subsequent arbitration.  Further, plaintiff does not allege that defendant was involved in any aspect of the SCI investigation which was initiated by the Queens District Attorney.

The form Complaint filed by Grant, and presumably given to her by this district's pro se office, alleges that all discriminatory acts occurred on October 16, 2002.  (Compl. ¶ 5)

Plaintiff further states that the last time that she was present at P.S. 199 was January 6, 2003. (Grant. Aff. ¶ 18)

Grant filed a Charge of Discrimination with the EEOC on January 31, 2005. (Blauschild Dec. Exh. 1)  On August 31, 2005, the EEOC issued a letter to Grant dismissing her charge as time-barred. (Compl. Exh.1)  The EEOC's dismissal letter states that Grant's charge was filed outside of the 300-day filing window required under applicable law. (Id.)  More specifically, it states that, because all events relating to plaintiff's charges occurred during or prior to January of 2003 and the EEOC charge was not filed until January 31, 2005, Grant's charge was untimely filed.  Grant has not filed a claim alleging discrimination by defendant with any state or local agency.

In her Complaint, Plaintiff now alleges that, to the best of her recollection, a charge asserting discrimination by the defendant was first filed with the EEOC in January 2003. (Compl. ¶ 10)  However, no record of that filing has been found in the records of the EEOC, the New York State Division of Human Rights ("NYSDHR") or the New York City Commission on Human Rights ("NYCCHR").  (Def. Mem. at 5 n.4; Blauschild Dec. Exh. 2, 3)

    B.    Procedural Background

The Complaint in this action was filed on December 2, 2005.  On July 3, 2006, defendant moved to dismiss pursuant to Rules 12(b)(1) and 12(b)(6), contending that plaintiff's failure to timely file with the EEOC means that plaintiff has failed to state a claim under Title VII.  Plaintiff was served with the Notice to Pro Se Litigants as required under Local Rule 12.1. On July 24, 2006, I issued an Order directing Grant to respond to defendant's motion by August 9, 2006, but later extended that date, per plaintiff's request, to October 3, 2006. (Docket 9, 10)

On October 3, plaintiff requested an additional day to file responsive papers which I granted.  No answering papers were submitted by plaintiff.

On November 7, 2006, I issued an Order directing Grant to submit any response to defendant's motion by November 21, 2006, and stated that if no submission from plaintiff was received, the motion would be decided on defendant's papers. (Docket 14)  Again, plaintiff made no submission.  On December 19, 2006, I issued a third Order again directing plaintiff to submit any responsive papers by January 10, 2007. (Docket 15)  In a phone call to Chambers following her receipt of my December 19 Order, Grant asserted that she had mailed papers responsive to the defendant's motion to the Court's pro se office.  However, those papers were never received by that office or in Chambers.  Plaintiff was then directed to resubmit any papers to the pro se office or, alternatively, to fax a copy of any papers to Chambers.

In a letter dated January 9, 2007, plaintiff requested an additional week to submit responsive papers to the court.  I again granted her request.  To date, the docket sheet reflects no submission from Grant and no papers have been received in Chambers or by the Court's pro se office.  Nonetheless, I will consider the motion as having been opposed by plaintiff.

II.     STANDARD ON A 12(b)(6)  MOTION TO DISMISS

"A motion to dismiss on statute of limitations grounds is property viewed as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted." Marbi Corp. of New York v. Puhekker, 9 F. Supp 2d 425, 426 (S.D.N.Y. 1998), (citing Ghartey v. St. John's Queens Hosp., 869 F.2d 160, 162 (2d Cir. 1989)).  Dismissal is proper only where "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984) (citation omitted). "On a motion to dismiss under 12(b)(6), the court must accept as true the factual allegations in

the complaint, and draw all reasonable inferences in favor of the plaintiff." Bolt Elec., Inc. v. City of New York, 53 F.3d 465, 469 (2d Cir. 1995) (citations omitted). In addition to examining the complaint to determine whether plaintiff has stated a legally sufficient claim, I may also consider documents that are attached to the complaint as an exhibit. Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47 (2d Cir. 1991)("[W]e have held that the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.")(citation omitted), cert. denied, 503 U.S. 960 (1992). Where, as here, a plaintiff proceeds pro se, a court must construe the complaint liberally and view the complaint as raising the strongest arguments that are suggested therein. Hughes v. Rowe, 449 U.S. 5, 9 (1980) (per curiam) (citations omitted).

III.   DISCUSSION

Under Title VII, a plaintiff must file a charge of discrimination with the appropriate agency as a prerequisite to bringing a suit in federal court. 42 U.S.C. § 2000e-5(b). In states with a state or local agency authorized to address charges of discriminatory employment practices, as is the case in New York, a plaintiff must file a charge alleging discrimination in violation of Title VII with the federal, state or local agency within 300 days of the alleged unlawful discrimination. 42 U.S.C. § 2000e-5(e)(1); see also Butts v. City of New York Dept. of Hous. Preservation and Dev., 990 F.2d 1397, 1401 (2d Cir. 1993), superseded by statute on other grounds, see Hawkins v. 1115 Legal Serv. Care, 163 F.3d 684, 693 (2d Cir. 1998). This "exhaustion requirement is an essential element of Title VII's statutory scheme." Butts, 990 F.2d at 140. If a charge is not filed with the appropriate agency within the 300-day limitation, then any complaint filed in federal court based on the same incident of alleged discrimination must be

dismissed as untimely. Elmenayer v. ABF Freight Sys., Inc., 318 F.3d 130, 133-34 (2d Cir. 2003).

Where a claim is timely filed, "[a] district court only has jurisdiction to hear Title VII claims that either are included in an EEOC charge or are based on conduct subsequent to the EEOC charge which is 'reasonably related' to that alleged in the EEOC charge." Butts, 990 F.2d at 1402 (citation omitted).  Claims for retaliation may be brought where conduct occurs after an EEOC charge is filed, provided that they satisfy the reasonable relationship test.

The 300-day EEOC filing limitation acts as a statute of limitations.  As a period of limitation, rather than an absolute jurisdictional bar, the 300-day period may be tolled where there is evidence of a continuing violation, where equitable tolling or estoppel would apply or where a defendant has waived the time limitation. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Carrasco v. New York City Off-Track Betting Corp., 858 F.Supp. 28, 31 (S.D.N.Y. 1994), aff'd, 50 F.3d 3 (2d Cir. 1995).  Under the continuing violation exception, when a defendant "engage[s] in a continuous policy of discrimination, acts in furtherance of that policy are not viewed in isolation.  In such circumstances, if the [EEOC] charge has been filed no later than 300 days after the last act by the defendant pursuant to its policy . . ." a plaintiff may recover for earlier or later acts of discrimination. Association Against Discrimination in Employment, Inc. v. City of Bridgeport, 647 F.2d 256, 274 (2d Cir. 1981).  The equitable toll, which is to be utilized by courts cautiously, applies "where the claimant has actively pursued [her] judicial remedies by filing a defective pleading within the statutory period, or where the complainant has been induced or tricked by [her] adversary's misconduct into allowing the filing deadline to pass." Irwin v. Dept. of Veteran Affairs, 498 U.S. 89, 96 (1990)(citations omitted). Finally, the toll rooted in the doctrine of estoppel is applicable where the plaintiff knows of the

existence of the claim but where the defendant's actions cause the plaintiff to bring the suit in a defective manner. Dillman v. Combustion Eng'g Inc., 784 F.2d 57, 61 (2d Cir. 1986). The burden of demonstrating that an equitable toll is applicable lies with the plaintiff. Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000).

Here, there is no basis to toll any part of the plaintiff's claim. Grant does not allege that she continues to be the victim of discrimination by defendant or that the discrimination she allegedly endured was pursuant to a "policy" of discrimination rather than isolated incidents. I therefore conclude that the continuing violation toll is inapplicable. Similarly, Grant does not allege that defendant acted in any way which caused her to be delayed in filing a charge with the EEOC or otherwise caused her to file a defective pleading. I therefore conclude that tolling under the doctrine of equitable estoppel is inapplicable. Waiver is similarly an unavailable ground for tolling as there is no evidence that defendant waived its rights.

Further, I conclude that equitable tolling is unwarranted as there is no indication that Grant has actively pursued judicial remedies for her discrimination claims. Accepting as true Grant's allegation that she filed a charge of discrimination against defendant in January 2003, plaintiff has still failed to diligently pursue her claim. There is no indication in the record before me that, in January 2003, the EEOC, or any New York State agency, received a charge filed by plaintiff. Also, there is no indication that plaintiff pursued a claim with an agency or that a right to sue letter issued from the alleged January 2003 filing.[1] Indeed, there is no indication in the record before me that plaintiff ever pursued any judicial remedy prior to January 31, 2005, more than two years after the last alleged discriminatory act by defendant. Further,

---

[1] I note that even had plaintiff filed a charge with the EEOC in January 2003, plaintiff's failure to obtain a right to sue letter and to initiate suit within 90 days of receipt of that letter would, absent an applicable toll, provide an independent ground on which plaintiff's Complaint would be barred. See 42 U.S.C. § 2000e-5(f)(1); Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 (1984).

when plaintiff received defendant's moving papers stating that the EEOC, NYSDHR and NYCCHR had no record of plaintiff's alleged January 2003 claim, plaintiff failed to submit any contrary documentation or statement to this court. Despite repeated opportunities, plaintiff has failed to submit anything in opposition to defendant's motion. Plaintiff cannot be said to have actively pursued her remedies and equitable tolling is inapplicable.

Although her Complaint does not appear to assert a claim of retaliation, plaintiff has checked the "retaliation" box on the form under the category of "discriminatory conduct of which I complain in this action." (Compl. ¶ 4) I will therefore construe the Complaint liberally to raise a claim of retaliation. The reasonable relationship standard permits a plaintiff to assert a claim, such as a retaliation claim, against a defendant arising out of the defendant's conduct which occurred after the filing of a timely EEOC charge. However, plaintiff's Complaint does not allege any acts of discrimination or retaliation after January 31, 2005, when her charge was filed with the EEOC.

Even if I were to assume that plaintiff filed a charge with the EEOC in January 2003, as asserted in the Complaint, any claim for retaliation must fail because it fails to satisfy the reasonable relationship test. The only events in plaintiff's affirmation which occurred after she left P.S. 199 for the final time in January 2003 were the SCI proceeding and subsequent arbitration. While Grant appears to view the SCI proceeding and subsequent arbitration as retaliatory acts by defendant, they cannot be properly attributed to defendant. The SCI proceedings and arbitration are unrelated to the actions of the New York City Board of Education, the defendant in this action. As the documents annexed to plaintiff's complaint reveal, they were initiated by the Queens District Attorney and the SCI, the prosecuting agency to whom the claim was referred, which operates independently of defendant. (Compl. Exh. 1, 3

- 9 -

at 2) Therefore, any potential retaliation claim is not reasonably related to defendant or to claims contained in a timely filed EEOC charge and must be dismissed.

Plaintiff's charge with the EEOC which forms the basis for this suit was filed 731 days after the last alleged incident of discrimination by defendant, 431 days after the statutory deadline. Having concluded that no toll is applicable to plaintiff's claims and that no retaliation claim may be maintained, I conclude that plaintiff has failed to comply with the procedural requirements set forth in 42 U.S.C. § 2000e and her claims must therefore be dismissed.

IV. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is granted. The Clerk shall enter judgment in favor of the defendant.

SO ORDERED.

Dated: New York, New York
February 7, 2007

P. Kevin Castel
United States District Judge